J-S41028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: A.S.T., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.C.T., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 802 MDA 2020 |

Appeal from the Decree Entered May 1, 2020
In the Court of Common Pleas of York County Orphans' Court at No(s):
2019-0191a

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED NOVEMBER 25, 2020**

S.C.T. ("Mother") appeals from the decree terminating her parental rights to A.S.T. ("Child"). She claims that the trial court abused its discretion because the evidence did not support termination of her parental rights. We affirm.

Child was born in January 2019, to Mother and C.E.K. ("Father").[1] The York County Office of Children Youth & Family, ("Agency"), became involved in this matter after receiving a notification that Mother tested positive for cocaine at Child's birth. **See** Trial Court Opinion, 6/30/20, at 2. Soon after, Mother voluntarily agreed to enter into a Safety Plan, submit to random drug testing, and work with a Family Advocate through Pressley Ridge. Mother was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although there was some dispute concerning the identity of Child's father, Father signed an acknowledgement of paternity on June 24, 2019.

not consistent with meeting with the Safety Plan drug tester or the family advocate, which subsequently closed Mother's case as unsuccessful. *See id.* at 3.

Mother tested positive in May 2019, for alcohol and cocaine. She contacted the Agency, admitted her drug use, and inquired about giving custody of Child to the Agency. After a hearing, on June 12, 2019, the court adjudicated Child dependent and placed him in emergency foster care. Mother was arrested and incarcerated on July 17, 2019.

In the ensuing months, the Agency formulated four Family Service Plans for the family. Mother was found not to be in compliance with any of them at ensuing status review, permanency review, and dispositional review proceedings. In November 2019, the trial court found aggravated circumstances because of the termination of Mother's parental rights to her other children. Child is Mother's ninth child. She voluntarily relinquished her rights to her first six children; her rights to her seventh and eighth children were involuntarily terminated. Following a hearing on May 1, 2020, the trial court granted the Agency's petition for involuntary termination of parental rights of Mother regarding Child under 23 Pa.C.S.A. §§ 2511(a)(1), (2), (5), and (8), and 2511(b). This timely appeal followed.

Mother raises one issue on appeal. "[Whether] the [trial] court abuse[d] its discretion and err[ed] as a matter of law as the Agency failed to meet its burden to terminate Mother's parental rights?" Mother's Br. at 4.

When we review termination of parental rights cases, we "accept the findings of fact and credibility determinations of the trial court if they are supported by the record." *In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citation omitted). "If the factual findings have support in the record, we then determine if the trial court committed an error of law or abuse of discretion." *In re Adoption of K.C.*, 199 A.3d 470, 473 (Pa.Super. 2018). We may reverse a trial court decision "for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will." *In re Adoption of S.P.*, 47 A.3d 817, 826 (Pa. 2012).

Mother argues she had very little time between the adjudication of dependency and the filing of the termination petition and she "did as much as a person could do while incarcerated." Mother's Br. at 19. She points out that the Agency filed the termination petition only 187 days after the adjudication of Child as dependent. She asserts that during that time, she completed a three-month drug treatment program, attended 12-step recovery meetings and the Woman's Recovery Group, participated in individual and group counseling, and took part in Addict to Disciple 12 Step program. She states "it is her intention to address her addiction issues and be able to parent her child." *Id.* She adds that the termination hearing took place less than a year after the court adjudicated Child dependent, and asserts that acting "with such speed" is not in Child's best interest. *See id.* at 22.

A party seeking to terminate parental rights has the burden of establishing grounds for termination by clear and convincing evidence. *See*

- 3 -

***In re Adoption of K.C.***, 199 A.3d at 473. Clear and convincing evidence is evidence "that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue." ***Id.*** (citation ).

Termination of parental rights is controlled by Section 2511 of the Adoption Act. ***See In re L.M.***, 923 A.2d 505, 511 (Pa.Super. 2007). Under Section 2511, the trial court must engage in a bifurcated analysis prior to terminating parental rights:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

***Id.*** (citations omitted).

We will affirm if the trial court properly terminated pursuant to any one subsection of 23 Pa.C.S.A. § 2511(a), and as to § 2511(b). ***See In re B.L.W.***, 843 A.2d 380, 384 (Pa.Super. 2004) (*en banc*). Here, we conclude that the trial court properly terminated Mother's parental rights pursuant to Section 2511(a)(2) and (b).

Section 2511(a)(2) provides:

> **(a)** **General rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
>              *     *     *
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S.A. § 2511(a)(2).

Section 2511(a)(2) requires the moving party to produce clear and convincing evidence of three elements: (1) the parent's repeated and continued incapacity, abuse, neglect or refusal to discharge parental duties; "(2) such incapacity, abuse, neglect or refusal has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied." ***In re Adoption of M.E.P.***, 825 A.2d 1266, 1272 (Pa.Super. 2003).

Here, the trial court found that Mother tested positive for cocaine at Child's birth and then failed to cooperate with her agreed to random drug testing and failed to meet with a family advocate. She was again positive for cocaine and alcohol when Child was four months old, after which Child was adjudicated dependent and placed into foster care. The court found that since the date of Child's removal, Mother has failed to perform parental duties. The

court further found that Mother cannot remedy the causes of her failure to discharge parental duties within a reasonable time:

> [t]he conditions which led to the removal or placement of the minor child continue to exist, and due to Mother's incarceration and lack of compliance with any of the Permanency Plans established throughout the course of dependency, she cannot remedy those conditions within a reasonable period of time. Since [Child's] birth [in January 2019,] Mother has been unable to provide a safe and stable environment for [Child]. It is clear from the record that Mother has made no progress in correcting the problems which led to [Child's] removal from her care in June of 2019, and is unable to promote [Child's] emotional, mental and physical needs.

Trial Ct. Op. at 8-9

We discern no abuse of discretion by the trial court in terminating Mother's parental rights pursuant to Section 2511(a)(2). The record supports the trial court's findings and the court did not commit an error of law. Accordingly, we conclude that the termination of Mother's parental rights pursuant to section 2511(b) was appropriate.

If the trial court has concluded that a parent's parental rights should be terminated under Section 2511(a), then the court must determine whether, considering the child's developmental, physical, and emotional needs and welfare, termination is in the best interests of the child. ***See*** 23 Pa.C.S.A. § 2511(b).

> Section 2511(b) focuses on whether termination of parental rights would best serve the developmental, physical, and emotional needs and welfare of the child. As this Court has explained, Section 2511(b) does not explicitly require a bonding analysis and the term 'bond' is not defined in the Adoption Act. Case law, however, provides that analysis of the emotional bond, if any,

- 6 -

between parent and child is a factor to be considered as part of our analysis. While a parent's emotional bond with his or her child is a major aspect of the subsection 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child.

***In re Adoption of C.D.R.***, 111 A.3d 1212, 1219 (Pa.Super. 2015) (quotation marks and citations omitted).

Instantly, the trial court found:

Termination would best suit the needs and welfare of [Child. Child] has spent the majority of her short life outside the care and custody of Mother. She was placed in Foster Family's home in June, 2019, and has spent the last approximately twelve (12) months bonding and receiving love, care, and affection from Foster Family. Testimony established that [Child] is very bonded with Foster Family and is doing well within the home. Conversely, [Child] lacks any kind of bond with Mother. Accordingly, it is in the best interest of [Child] for Mother's parental rights to be terminated.

Trial Ct. Op. at 9-10.

Upon review, we conclude that the record supports the trial court's conclusion that Child's developmental, physical and emotional needs and welfare favor termination of Mother's parental rights pursuant to Section 2511(b). Accordingly, we conclude that termination of Mother's parental rights was in Child's best interest as required by Section 2511(b).

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2020

- 7 -